# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-52989-cag |
| Alisha Elizabeth Ann Hunter and Michael Seth Hunter, | § § § | |
| Debtors | § | Chapter 7 |
| Alisha Elizabeth Ann Hunter, | § | Adversary No. _____ |
| Plaintiff, | § | |
| v. | § | |
| Universal Health Services, Inc. d/b/a Laurel Ridge Treatment Center; and A/R Recovery Services, Inc. d/b/a Collections Incorporated, | § § § § | |
| Defendants. | § | Judge: Hon. Craig A. Gargotta |

**ADVERSARY COMPLAINT OF WILLFUL VIOLATIONS OF THE DISCHARGE ORDER PURSUANT TO 11 U.S.C. § 524(a) AND § 105**

Plaintiff Alisha Elizabeth Ann Hunter ("Plaintiff") brings this Adversary Complaint of Willful Violation of the Discharge Order against Universal Health Services, Inc. d/b/a Laurel Ridge Treatment Center ("Universal") and A/R Recovery Services, Inc. d/b/a Collections Incorporated ("A/R") (collectively, "Defendants") pursuant to 11 U.S.C. § 524(a) and § 105, and in support thereof would respectfully show the Court as follows:

## I. JURISDICTION & VENUE

1. This Court has jurisdiction under the provisions of 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. § 1409(a) because this case involves claims arising under a case filed in the Western District of Texas.

## II. PARTIES

4. Plaintiff filed for bankruptcy protection under Chapter 7 of Title 11 in case number 19-52989-cag in the Western District of Texas, San Antonio Division on December 23, 2019.

5. Defendant Universal is, and at all times mentioned herein was, authorized to engage in business in Texas and is in good standing on the records of the Secretary of State. Its agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Inco., whose address is 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant A/R is, and at all times mentioned herein was, authorized to engage in business in Texas and is in good standing on the records of the Secretary of State. Its agent for service of process is Sandra Capeheart, whose address is 6502 Bandera Road, Ste. 210, San Antonio, Texas 78238.

## III. REQUEST FOR JUDICIAL NOTICE

7. Plaintiff requests that the Court take judicial notice of its own records in the case herein and all documents filed in this case in support of the facts set forth below. Fed.R.Evid. 201.

## IV. FACTUAL ALLEGATIONS

8. This action arises from willful violations of the discharge order committed by Defendants for continuing to attempt to collect on pre-filing debts owed to Universal by means of mailing multiple demand letters and collection notices seeking payment on multiple debts.

9. Plaintiff filed her chapter 7 bankruptcy petition on December 23, 2019. [Docket #1].

10. The Chapter 7 Trustee's Report of No Distribution was filed and entered on January 23, 2020.

11. On or about February 14, 2020, Universal attempted collection on a pre-petition debt when it mailed a bill dated February 6, 2020 to Plaintiff. The bill seeks payment on a $364.00 debt that was incurred prior to the bankruptcy case. [Exhibit A].

12. On or about February 17, 2020, Plaintiff's attorney mailed Universal a cease and desist letter which informed Universal of the chapter 7 bankruptcy, that the pre-petition debt was included in the bankruptcy, to cease collection efforts due to the automatic stay, and included a copy of the Court generated Notice of Bankruptcy filing. [Exhibit B].

13. Plaintiff's Order of Discharge (No Asset Case) was entered on March 26, 2020 [Docket #14].

14. On or about May 18, 2020, Defendants again attempted collection on a pre-petition debt when it mailed a collection letter dated May 14, 2020 to Plaintiff. The bill seeks payment on a $154.00 debt that was incurred prior to the bankruptcy case. [Exhibit C].

15. On or about May 18, 2020, Defendants again attempted collection on a pre-petition debt when it mailed a collection letter dated May 14, 2020 to Plaintiff. The bill seeks payment on a $210.00 debt that was incurred prior to the bankruptcy case. [Exhibit D].

16. On or about May 19, 2020, Plaintiff's attorney mailed Defendants a second cease and desist letter which informed Defendants of the chapter 7 bankruptcy, to cease collection efforts, and included a copy of the Court generated Order of Discharge. [Exhibit E].

17. On or about June 13, 2020, Defendants again attempted collection on a pre-petition debt when it mailed a collection letter dated June 12, 2020 to Plaintiff. The bill seeks payment on a $154.00 debt that was incurred prior to the bankruptcy case. [Exhibit F].

///

///

18. On or about June 13, 2020, Defendants again attempted collection on a pre-petition debt when it mailed a collection letter dated June 12, 2020 to Plaintiff. The bill seeks payment on a $210.00 debt that was incurred prior to the bankruptcy case. [Exhibit G].

19. The continued endeavor by Defendants to collect on discharged debts during the bankruptcy proceeding and after discharge in violation of the discharge injunction has caused Plaintiff significant stress, anxiety, and other emotional harm, as well as actual damages that include months of time spent trying to deal with this matter, including contacting and coordinating with her attorney, emailing the pertinent documents to her attorney for review, the emotional stress of learning Defendants may never cease collection efforts, receiving multiple statements and demands on debts long since incurred and discharged, and accrual of attorneys' fees to attempt to stop the harassment.

20. By continuing to attempt to collect on pre-petition debts, Defendants have willfully acted to collect on debt that is currently subject to the discharge injunction in violation of 11 U.S.C. §§ 105(a) and 524(a)(2).

V. **FIRST CLAIM FOR RELIEF**

**(Violation of the Discharge Order – 11 U.S.C. § 524(a)(2))**

21. Plaintiff incorporates paragraphs 8-20 of her complaint by reference as if fully stated herein.

22. Defendants violated the injunction against commencement, continuation, or other acts to collect, recover or offset any debt as a personal liability of the debtor imposed by 11 U.S.C. § 524(a)(2). Further, as Defendants had "no objectively reasonable basis for concluding" that its "conduct might be lawful under the discharge order", each of the violations were willful. *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019).

23. This Court entered its Order of Discharge on March 26, 2020 [Docket #14]. In addition, Defendants had been notified on two separate occasions by Plaintiff's attorney that the debts would be subject to the bankruptcy discharge and to cease collection efforts. The first letter included a copy of the Court generated Notice of Bankruptcy filing and the second letter included a copy of the Court generated Order of Discharge.

24. Despite multiple notices and actual knowledge of the bankruptcy, the Defendants continued to attempt collection of the discharged debt by mailing four (4) collection letters after the entry of the Order of Discharge.

25. It is objectively reasonable that Defendants had knowledge the debts were discharged as each is of a type that is usually discharged and does not require a special dispensation (i.e. student loan debt). Therefore, it appears as if Defendants' continued collection efforts are willful violations committed with knowledge that the debts were already discharged. The Defendant's acts of contacting Plaintiff by mailing multiple collection letters for discharged debts constitutes an "act to collect, recover, or offset" the debts at issue. *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019).

26. Defendants' violations of the Order of Discharge described above constitutes contempt of the Court's Order of Discharge. The Court has the power to enforce its orders and sanction parties in contempt of its orders under 11 U.S.C. § 105. Remedies include, but are not limited to, an order of civil contempt, damages for mental and emotional distress, punitive damages, attorneys' fees and costs.

27. Defendants' conduct caused actual damages to the Plaintiff, including but not limited to mental anguish damages, damage to credit reputation, and costs and attorneys' fees,

which the Plaintiff now seeks under 11 U.S.C. § 524. In addition, the Plaintiff seeks punitive damages for the willful and intentional violations of the discharge injunction.

28. Plaintiff may intend to further amend her complaint to include additional claims as new information is learned through discovery.

### VI. PRAYER

29. THEREFORE, Plaintiff respectfully request that this Court determine and stipulate that Defendants willfully violated the discharge order and grant relief for Plaintiff against Defendants as follows:

   a. Money Judgment in favor of Plaintiff against Defendant for actual damages, punitive damages, and reasonably fees and costs incurred prosecuting this adversary proceeding; and

   b. Any and all equitable relief to which Plaintiff is entitled and this Honorable Court may determine is fair and just.

Respectfully submitted,

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: July 2, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Texas State Bar No.: 24106831
Perry, Shields, Campbell, Floyd, PLLC
227 Loop N. 1604 E. Ste. 130
San Antonio, Texas 78232
Telephone: (503) 482-8137
Facsimile: (281) 715-3209
kschumacher@perryshields.com
***Attorney for Plaintiff***

ONTRIS04
PO Box 1280
Oaks PA 19456-1280

Services Provided by: LAUREL RIDG... CEN...

Patient Name: [redacted]
Reference Number: 13760410012
Service Date(s): 09/11/2019 - 09/18/2...
Statement Date: 02/06/2020
Amount Due: 364.00 *

*Amounts listed are current as of 02/06/2020. A...
decrease due to application of payments and/or a...
(877) 765-1073 for a payoff amount.

Contact Our Billing Office:
Toll Free (877) 765-1073 or (615) 234-536...
Monday-Friday 8AM-5PM Central

470296689

Alisha Hunter
5911 Enchantment
San Antonio TX 78218-3115

...balance remains unpaid. Please pay the amount due above within the next 14 days to prevent f...
...tact us toll free at (877) 765-1073 or (615) 234-5362 to discuss methods to resolve this debt. Our ...
...onday-Friday 8AM-5PM Central.

Mail all payments and correspondence to:   Healthcare Billing Administrators
PO Box 19349
Indianapolis IN 46219-0349

If you have already mailed your payment, thank you.

**Payment Options**

⇨ **PAY BY PHONE** at
**(877) 765-1073 or (615) 234-5362** any time.

⇨ **MAIL PAYMENT** with the attached coupon at the payment address specified. Do not send cash.

**Please See Reverse Side For Additional Detailed Account Information**

---

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

☐ If your address has changed, check this box and complete form on back.
Do not send cash. If paying by check or money order, please indicate your account number and make payable to the service provider shown above.

| Account Number | 13760410012 |
| Payment Due Date | 03/07... |
| Amount Due | 364.0... |
| Payment Amount Enclosed | |

CARD NUMBER
EXP. DATE  /
CARDHOLDER NAME
AMOUNT  $
CARDHOLDER SIGNATURE

PLEASE DETACH THIS COUPON AND RE...
PAYMENT TO ADDRESS BELOW:

**Responsible Party:**

Alisha Hunter
5911 Enchantment
San Antonio TX 78218-3115

HEALTHCARE BILLING ADMINISTRATO...
PO BOX 19349
INDIANAPOLIS IN 46219-0349

EX A - 01

# Perry, Shields, Campbell, Floyd, PLLC
A Professional Limited Liability Company

*227 N Loop 1604 East*  *Phone: (503) 482-8137*
*Suite 130*  *Fax: (281) 715-3209*
*San Antonio, TX. 78232*  *www.perryshields.com*

February 17, 2020

Laurel Ridge Treatment Center
Jacob Cuellar, CEO
17720 Corporate Woods Drive
San Antonio, TX 78259

To Whom It May Concern,

I represent Michael Seth Hunter and Alisha Elizabeth Ann Hunter in their Chapter 7 Bankruptcy case. The attached is a Court generated Notice of Bankruptcy filing.

My clients received a letter from your office collection a debt on behalf of ▮▮▮▮▮▮▮▮, which is their minor child.

The debt is subject to the automatic stay and will be discharged upon the completion of their case.

These matters can usually be taken care of with a simple phone call. Please have your attorney contact me as soon as possible to verify you will cease any further attempts to collect.

Sincerely,


Kyle Schumacher, Esq.
227 North Loop 1604 East, Suite 130
San Antonio, TX. 78232
503-482-8137
kschumacher@perryshields.com

EX B - 01

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | Michael Seth Hunter<br>First Name   Middle Name   Last Name | Social Security number or ITIN | xxx–xx–5376 |
| | | EIN | __–_____ |
| Debtor 2<br>(Spouse, if filing) | Alisha Elizabeth Ann Hunter<br>First Name   Middle Name   Last Name | Social Security number or ITIN | xxx–xx–3487 |
| | | EIN | __–_____ |
| United States Bankruptcy Court | Western District of Texas | Date case filed for chapter 7 | 12/23/19 |
| Case number: | 19−52989−cag | | |

Official Form 309A (For Individuals or Joint Debtors)

## Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline     12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Michael Seth Hunter | Alisha Elizabeth Ann Hunter |
| 2. | **All other names used in the last 8 years** | | fka Alisha Carr, fka Alisha Eilers, fka Alisha Pauley |
| 3. | **Address** | 5911 Enchantment<br>San Antonio, TX 78218−3115 | 5911 Enchantment<br>San Antonio, TX 78218−3115 |
| 4. | **Debtor's attorney**<br>Name and address | Kyle Wayne Schumacher<br>Perry, Shields, Campbell, Floyd, PLLC<br>227 North Loop 1604 East<br>Suite 130<br>San Antonio, TX 78232 | Contact phone 503−913−9354<br><br>Email: kschumacher@perryshields.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Jose C Rodriguez<br>342 W Woodlawn, Suite 103<br>San Antonio, TX 78212 | Contact phone (210) 738−8881<br><br>Email: jrodlaw@sbcglobal.net |

**For more information, see page 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline**       page 1

EX B - 02

Debtor **Michael Seth Hunter** and **Alisha Elizabeth Ann Hunter**      Case number **19−52989−cag**

| | | | |
|---|---|---|---|
| **6.** | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. See Court website for electronic filing information: www.txwb.uscourts.gov. | 615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205 | Hours open Monday − Friday 8:00 AM − 4:00 PM<br><br>Contact phone (210) 472−6720<br><br>Date: 12/24/19 |
| **7.** | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **January 23, 2020 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**San Antonio Room 333, HF Garcia Fed. Bldg & US Courthouse, 615 E. Houston St., San Antonio, TX 78205** |
| **8.** | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9.** | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 3/23/20** |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10.** | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11.** | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline**     page **2**

EX B - 03

# COLLECTIONS ★ INCORPORATED

05/14/20

ALISHA HUNTER

5911 ENCHANTMENT
SAN ANTONIO, TX 78218

REGARDING YOUR ACCOUNT WITH
OUR CLIENT:
LAUREL RIDGE TREATMENT CTR
TOTAL AMOUNT DUE: $ 154.00
PATIENT ACCT # 13760410012
DATE OF SERVICE 09/11/19

CONSUMER #: 649642- 9 1A

THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Unless you notify this office within 30 Days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 Days from receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification. If you request this office in writing within 30 Days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Credit Bureau will be notified after 120 days from the date of this notice.

**TELEPHONE NUMBERS:** (210) 698-8460 OR (800) 456-2429

OFFICE HOURS:
Monday - Thursday 8:00 am to 6:30 pm
Friday 8:00 am to 4:30 pm
Saturday 8:30 am to 12:00 pm

(Closed Sunday's and Holiday's)

THANK YOU IN ADVANCE FOR YOUR ATTENTION TO THIS MATTER

------------------------------------------------------------------
(Tear Here)

ALISHA HUNTER
5911 ENCHANTMENT
SAN ANTONIO, TX 78218

CONSUMER #: 649642- 9
BALANCE DUE: $ 154.00

To pay ONLINE go to: COLLECTIONSINC.NET
To pay by VISA/MC/AE/DISC Card# _____-_____-_____-_____ CCV Code _____
Exp.Date____/____ Zip Code _____ Payment Date if other than today ___/___/___
To pay by ACH Checking ___ Savings ___ Routing #_____ Account# _____
To pay by CHECK OR MONEY ORDER.

TO INSURE PROPER CREDIT
INCLUDE CURRENT PHONE #
____-____-____

Remit to:
CI
PO BOX 418
PIPE CREEK, TX 78063

Signature _____ Date_____

EX C - 01

# COLLECTIONS ★ INCORPORATED

05/14/20

ALISHA HUNTER
5911 ENCHANTMENT
SAN ANTONIO, TX 78218

REGARDING YOUR ACCOUNT WITH
OUR CLIENT:
LAUREL RIDGE TREATMENT CTR
TOTAL AMOUNT DUE: $ 210.00
PATIENT ACCT # 60255810016
DATE OF SERVICE 09/18/19

CONSUMER #: 650109- 9  1A

**THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Unless you notify this office within 30 Days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 Days from receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification. If you request this office in writing within 30 Days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Credit Bureau will be notified after 120 days from the date of this notice.

**TELEPHONE NUMBERS:** (210) 698-8460 OR (800) 456-2429

OFFICE HOURS:  Monday - Thursday 8:00 am to 6:30 pm
Friday 8:00 am to 4:30 pm
Saturday 8:30 am to 12:00 pm

*(Closed Sunday's and Holiday's)*

THANK YOU IN ADVANCE FOR YOUR ATTENTION TO THIS MATTER

------------------------------------------------

*(Tear Here)*

ALISHA HUNTER
5911 ENCHANTMENT
SAN ANTONIO, TX 78218

CONSUMER #: 650109- 9
BALANCE DUE: $ 210.00

To pay ONLINE go to: **COLLECTIONSINC.NET**

To pay by VISA/MC/AE/DISC Card# ____-____-____-____ CCV Code ____
Exp.Date ___/___ Zip Code _____ Payment Date if other than today ___/___/___
**To pay by ACH** Checking ___ Savings ___ Routing #_____ Account#_____
**To pay by CHECK OR MONEY ORDER.**  Remit to:
TO INSURE PROPER CREDIT
INCLUDE CURRENT PHONE #
___-___-___

CI
PO BOX 418
PIPE CREEK, TX 78063

Signature _____ Date_____

EX D - 01



| 415 West Wall Street, Suite 1000 Midland, Texas 79701 (432) 247-3254 | 2900 North Loop West, Suite 850 Houston, Texas 77092 (713) 955-3102 | 227 N. Loop 1604 E., Suite 130 San Antonio, Texas 78238 (210) 901-5887 | 3800 North Lamar Blvd., Suite 200 Austin, Texas 78756 (512) 599-8501 |
|---|---|---|---|

May 19, 2020

Collections Incorporated
P. O. Box 680445
San Antonio, TX 78268

Re: Alisha Elizabeth Ann Hunter; Bankruptcy Case No. 19-52989-cag; Attempts to Collect Pre-Petition Debt in Willful Violation of Automatic Stay and Discharge Injunction

To Whom It May Concern:

Please be advised that I represent Alisha Elizabeth Ann Hunter ("Client") in her Chapter 7 bankruptcy case. Attached you will find a copy of the Court's signed Order of Discharge.

Please immediately cease contacting my Client and stop any further attempts to collect against my Client on any outstanding debts including, but not limited to, Patient Acct # 13760410012 and Patient Acct # 60255810016, both in reference to ▉▉▉▉▉▉▉▉, my Client's minor child.

These matters can usually be taken care of with a simple phone call. Please have your attorney contact me as soon as possible to verify that you will cease any further actions against my Client.

Sincerely,

Kyle Schumacher, Esq.
227 North Loop 1604 East, Suite 130
San Antonio, Texas 78232
Tel: (503) 482-8137
Email: kschumacher@perryshields.com

Perry, Shields, Campbell & Floyd, PLLC
227 N. Loop 1604 East, Suite 130
San Antonio, Texas 78232

EX E - 01

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | Michael Seth Hunter | Social Security number or ITIN | xxx–xx–5376 |
| | First Name  Middle Name  Last Name | EIN | __–_____ |
| Debtor 2 (Spouse, if filing) | Alisha Elizabeth Ann Hunter | Social Security number or ITIN | xxx–xx–3487 |
| | First Name  Middle Name  Last Name | EIN | __–_____ |
| United States Bankruptcy Court | Western District of Texas | | |
| Case number: | 19-52989-cag | | |

# Order of Discharge            12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Michael Seth Hunter

Alisha Elizabeth Ann Hunter
fka Alisha Carr, fka Alisha Eilers, fka Alisha Pauley

3/26/20

**For the court:** *Barry D. Knight* (signature)

Barry D. Knight
Clerk of the Bankruptcy Court

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2**

---

| Official Form 318 | Order of Discharge | page 1 |
|---|---|---|

EX E - 02

**Some debts are not discharged**
Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318 **Order of Discharge** page 2



| 415 West Wall Street, Suite 1000 Midland, Texas 79701 (432) 247-3254 | 2900 North Loop West, Suite 850 Houston, Texas 77092 (713) 955-3102 | 227 N. Loop 1604 E., Suite 130 San Antonio, Texas 78238 (210) 901-5887 | 3800 North Lamar Blvd., Suite 200 Austin, Texas 78756 (512) 599-8501 |

May 19, 2020

Laurel Ridge Treatment Center
Jacob Cuellar, CEO
17720 Corporate Woods Drive
San Antonio, TX 7859

Re: Alisha Elizabeth Ann Hunter; Bankruptcy Case No. 19-52989-cag; Attempts to Collect Pre-Petition Debt in Willful Violation of Automatic Stay and Discharge Injunction

Mr. Cuellar:

Please be advised that I represent Alisha Elizabeth Ann Hunter ("Client") in her Chapter 7 bankruptcy case. Attached you will find a copy of the Court's signed Order of Discharge.

Please immediately cease contacting my Client and stop any further attempts to collect against my Client on any outstanding debts including, but not limited to, Patient Acct # 13760410012 and Patient Acct # 60255810016, both in reference to ▮▮▮▮▮▮▮▮, my Client's minor child.

These matters can usually be taken care of with a simple phone call. Please have your attorney contact me as soon as possible to verify that you will cease any further actions against my Client.

Sincerely,

Kyle Schumacher, Esq.
227 North Loop 1604 East, Suite 130
San Antonio, Texas 78232
Tel: (503) 482-8137
Email: kschumacher@perryshields.com

Perry, Shields, Campbell & Floyd, PLLC
227 N. Loop 1604 East, Suite 130
San Antonio, Texas 78232

EX E - 04

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Michael Seth Hunter<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–5376<br>EIN   __–_____ |
| Debtor 2<br>(Spouse, if filing) | Alisha Elizabeth Ann Hunter<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3487<br>EIN   __–_____ |
| United States Bankruptcy Court   **Western District of Texas** | | |
| Case number:   19–52989–cag | | |

# Order of Discharge                                                                 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Michael Seth Hunter

Alisha Elizabeth Ann Hunter
fka Alisha Carr, fka Alisha Eilers, fka Alisha Pauley

3/26/20

**For the court:**   *Barry D. Knight*

Barry D. Knight
Clerk of the Bankruptcy Court

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2**

---

**Some debts are not discharged**
Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

# COLLECTIONS ★ INCORPORATED

EL
ALISHA HUNTER　　　　CONSUMER #: 649642　　　　06/12/20
5911 ENCHANTMENT
SAN ANTONIO, TX 78218

** 25% OFF ** OFFER ENDS JUNE 30, 2020 **　　CURRENT BALANCE $154.00

-------------------- SETTLE FOR: **$115.50** --------------------

As the situation with COVID-19 continues to unfold and in an effort to relieve financial stress of patients with delinquent accounts, our client **Laurel Ridge Hospital**, would like to extend an offer to **settle in full** your account at:

### 25% OFF
the remaining amount due.

One payment of **$115.50** is all that is needed!

Please pay using one of the options below:

Mail:　　　　CI
　　　　　　PO BOX 418
　　　　　　PIPE CREEK, TX 78063

Online:　　　COLLECTIONSINC.NET

See back of this notice for a list of accounts included in this offer and additional payments options.

Questions may be directed to:　　(210) 698-8460　OR　(800) 456-2429

Office Hours:　　Monday - Thursday　8:00 a.m. to 6:30 p.m
　　　　　　　　Friday　　　　　　　8:00 a.m. to 4:30 p.m
　　　　　　　　Saturday　　　　　　8:30 a.m. to 12:00 p.m

(Closed Sunday's and Holiday's)

THANK YOU IN ADVANCE FOR YOUR PAYMENT

THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EX F - 01

# COLLECTIONS ★ INCORPORATED

EL  CONSUMER #: 630109  06/12/20

ALISHA HUNTER
5911 ENCHANTMENT
SAN ANTONIO, TX 78218

** 25% OFF ** OFFER ENDS JUNE 30, 2020 **   CURRENT BALANCE $210.00

SETTLE FOR: $157.50

---

As the situation with COVID-19 continues to unfold and in an effort to relieve financial stress of patients with delinquent accounts, our client **Laurel Ridge Hospital**, would like to extend an offer to **settle in full** your account at:

25% OFF

the remaining amount due.

One payment of $157.50 is all that is needed!

Please pay using one of the options below:

Mail:     CI
          PO BOX 418
          PIPE CREEK, TX 78063

Online:   COLLECTIONSINC.NET

See back of this notice for a list of accounts included in this offer and additional payments options.

Questions may be directed to:     (210) 698-8460   OR   (800) 456-2429

Office Hours:     Monday - Thursday   8:00 a.m. to 6:30 p.m.
                  Friday              8:00 a.m. to 4:30 p.m.
                  Saturday            8:30 a.m. to 12:00 p.m.

(Closed Sunday's and Holiday's)

THANK YOU IN ADVANCE FOR YOUR PAYMENT

THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EX G - 01